# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LAMONT MILLER,<br>Inmate Booking No. 7791797,<br><br>                              Plaintiff,<br><br>vs.<br><br>SHERIFF MICHAEL CARONA, et al.,<br>                              Defendants. | Civil No.   08-0272 LAB (JMA)<br><br>**ORDER TRANSFERRING CIVIL ACTION FOR LACK OF PROPER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION PURSUANT TO 28 U.S.C. § 84(c)(3), 28 U.S.C. § 1391(b) AND 28 U.S.C. § 1406(a)** |

Plaintiff, currently incarcerated at the San Diego Central Jail in San Diego, California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 civil filing fee mandated by 28 U.S.C. § 1914(a); instead he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

**I.**

**Lack of Proper Venue**

Upon initial review of the Complaint, the Court finds that Plaintiff's case lacks proper venue. Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). "A civil action wherein jurisdiction is not founded solely on diversity of

citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district in or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, Plaintiff claims constitutional violations originally arising out of events which occurred in Orange County, California. Moreover, no Defendant is alleged to reside in San Diego or Imperial Counties. Therefore, venue is proper in the Central District of California, Southern Division, pursuant to 28 U.S.C. §§ 84(c)(3), not in the Southern District of California. *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

## II.
## Conclusion and Order

Accordingly, **IT IS HEREBY ORDERED** that the Clerk of the Court shall transfer this case for lack of proper venue, in the interests of justice and for the convenience of all parties, to the docket of the United States District Court for the Central District of California, Southern Division, pursuant to 28 U.S.C. § 84(c)(3), 28 U.S.C. § 1391(b) and 28 U.S.C. § 1406(a).[1]

DATED: February 20, 2008

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] Because the Court finds transfer appropriate, it expresses no opinion and defers ruling on Plaintiff's pending Motion to Proceed IFP [Doc. No. 2] to the Judge assigned to this case after its transfer to the Central District of California.